Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
3150 Montrose Ave.
La Crescenta, Ca. 91214

[818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Attorney for: Plaintiff Robert Williams

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAMS, an Individual; | Case No.:  2:15-cv-08044 |
| Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| vs. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., a business entity, form unknown and DOES 1-10, Inclusive, | 1.  FAIR CREDIT REPORTING ACT; |
| Defendants. | **JURY TRIAL DEMANDED.** |

Plaintiff alleges:

1. Plaintiff ROBERT WILLIAMS ("Plaintiff") is a resident of Riverside County, State of California.

2.  Defendants EXPERIAN INFORMATION SOLUTIONS, INC ("EXPERIAN") is a business entity, form unknown, doing business in the State of California as a credit bureau which receives negative credit information about consumers and which then publish such information in credit reports available to its subscribers.

---
COMPLAINT FOR DAMAGES

3. Defendants DOES 1-10 are individuals and business entities, form unknown, doing business in the State of California as a credit reporting agency, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection.  DOES 1-10, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of plaintiff that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after plaintiff has notified them of the false or inaccurate derogatory, and also who have reported such accounts as derogatory credit references to credit reporting agencies.

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 10, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure.  Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

  d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

  e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

  f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiffs.  Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiffs will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

  5. Plaintiff is informed and believes, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint.  Further, Plaintiff alleges that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

///

///

# FIRST CAUSE OF ACTION
## [VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST ALL DEFENDANTS]

6. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

7. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act. EXPERIAN is a credit bureau defendant who is a "consumer reporting agency" as that term is defined in 15 U.S.C. Section 1681a(f).

8. On or about January 8, 2015, Plaintiff discovered he was a victim of identity theft and filed a police report with the Riverside Police Department.

9. On or about January 9, 2015, Plaintiff sent a dispute letter to the three credit bureaus EXPERIAN, Transunion and Equifax stating he was a victim of identity theft causing inaccurate information to appear on his credit report and submitted a copy of his police report to assist them in their investigation. Transunion and Equifax immediately removed the erroneous accounts. Only EXPERIAN failed to remove the inaccurate and damaging information appearing on his credit profile.

10. On or about February 6, 2015, Plaintiff submitted a dispute letter to EXPERIAN advising that he was a victim of identity theft. Plaintiff also attached a copy of his social security card and a copy of his police report.

11. On or about February 17, 2015, EXPERIAN provided Plaintiff his credit report which was still reporting 1) a public record item that did not belong to him; 2) seven (7) credit accounts that did not belong to him; 3) one unauthorized inquiry from Amerimark Premier; 4) an inaccurate P.O. Box address; 5) a social security number that did not belong to him; 6) telephone numbers that did not belong to him; and 7) inaccurate former or current employer information.

12. Not long after, Plaintiff discovered on his CreditScore.com report

COMPLAINT FOR DAMAGES
4

(owned by EXPERIAN) that Plaintiff was no longer in EXPERIAN's database and he was unable to get an updated credit report.

13. On or about June 25, 2015 Plaintiff filed a complaint against EXPERIAN through the California Financial Protection Bureau complaint portal. Plaintiff complained that EXPERIAN was not displaying any information on him in their database after he had disputed accounts appearing as a result of identity theft. EXPERIAN responded that he submitted conflicting identification information and continued to show no information for Plaintiff in their database, causing damage to Plaintiff's credit score.

14. On or about June 30, 2015, Plaintiff received a response to his dispute. EXPERIAN report number 1607-1312-52 advised Plaintiff that they could best answer his questions over the telephone and asked him to call 1800.509.8495. Plaintiff called as requested and was advised that EXPERIAN had no record of him in their database.

15. On or about August 15, 2015, Plaintiff sent a letter to EXPERIAN requesting an investigation on the previous claim EXPERIAN made stating they have no record of him in their database. Plaintiff submitted a copy of the CreditScore.com report (owned by EXPERIAN) showing Plaintiff with his correct Social Security in their database. He also requested a free updated credit report. To this date, Plaintiff has not received a response to his request.

16. Plaintiff has delayed applying for a business credit card and loan to start his entertainment business due to the crushingly low credit score from EXPERIAN. Plaintiff requests that his credit profile be restored.

17. Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from his credit reports. Despite the insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

18. Within the past two years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

   a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

   b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

   c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

   d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants;

   e. By willfully and negligently failing to follow the requirements of 1681c-2, which mandates blocking of identity theft accounts and information only, not all credit information; and,

   f. By willfully and negligent failing to comply with 1681g, which requires credit bureaus to disclose to consumers all information in the consumer's file at the time of the request.

19. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial.  As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

20. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated.

Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because it is cheaper and easier to completely whitewash a consumer's credit report than to actually do the work and remove only the identity theft accounts. These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general and special damages according to proof at trial;
2. For statutory penalties for each separate statutory violation where allowed by statute;
3. For punitive damages against defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;
4. For attorney's fees where authorized by statute or law;
5. For costs of suit;
6. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL**

Dated: October 13, 2015   **LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**

By: */s/ Robert F. Brennan*
Robert F. Brennan
Attorney for Plaintiff